J-S46008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JARMAR DOUGLAS PIERCE, III | : | |
| | : | |
| Appellant | : | No. 746 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 25, 2023
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000480-2022

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED: April 16, 2024**

Appellant, Jarmar Pierce, appeals from the May 25, 2023 Judgment of Sentence entered in the Court of Common Pleas of McKean County following his conviction for Driving Under the Influence ("DUI").  Appellant challenges the amount of expert witness fees imposed by the trial court, alleging that they are not supported by the record.  After careful review, we remand for a supplemental Pa.R.A.P. 1925(a) Opinion.

A detailed factual and procedural history is unnecessary for our disposition.  Briefly, at Appellant's bench trial, Jolene Bierly, a forensic toxicologist, testified for the Commonwealth about the testing and results of Appellant's blood sample taken after his arrest.  The parties stipulated that

she was "qualified." N.T. Trial, 3/15/23 at 27. The court found Appellant guilty of three counts of DUI and one count of Vehicular Hazard Signal Lamps.[1]

Prior to sentencing, the Commonwealth filed a Bill of Costs requesting that the court impose a $5,171.03 fee for Ms. Bierly's testimony. Appellant objected, and the court ordered the parties to brief the issue. In his brief submitted to the trial court on April 20, 2023, Appellant specifically challenged the reimbursement rate submitted by the Commonwealth for mileage and asserted that the record did not support that Ms. Bierly provided 16.5 hours of expert testimony. Appellant's Letter Br., 4/20/23, at 2 (unpaginated). In an Order and Opinion dated April 27, 2023, the court directed Appellant to pay $5,171.03. However, on May 24, 2023, the day before sentencing, the Commonwealth filed an Amended Bill of Costs requesting $4,897.96—$400.86 for mileage reimbursement (612 miles at $0.655/mile), $4,464.00 for "expert testimony" provided on March 14 and 15, 2023, for a total of 16 hours at the rate of $279/hour, $11.00 for tolls, and $22.10 for meals. At the sentencing hearing, the court ordered Appellant to pay costs in the amount of $4,897.96.

Appellant filed a timely Notice of Appeal. He complied with the court's order to file a Pa.R.A.P. 1925(b) Statement, raising the following issue:

> [Appellant] separately appeals whether the [c]ourt erred in [o]rdering expert witness fees (in the sentencing Order dated May 25, 2023 and docketed on May 30, 2023) in the amount of $4,897.96, over the objection of [Appellant], without sufficient

---

[1] 75 Pa.C.S. §§ 3802 (d)(1)(i), 3802 (d)(1)(iii), 3802 (d)(2), and 4305(a), respectively.

documentation or testimony to justify these requested expenses and contrary to the statutory allotment for expert witness fees outlined in 42 Pa.C.S. § 5903.

Rule 1925(b) Statement, 7/14/23, at 1 (unpaginated).[2]

The trial court filed a response pursuant to Rule 1925(a) directing this court to its April 27, 2023 Order and Opinion for its discussion of expert witness fees. *See* Tr. Ct. Op., 8/8/23, at 2. The trial court's Rule 1925(a) Opinion, however, did not address the claim raised in Appellant's Rule 1925(b) Statement, *i.e.* the calculation of the amount of expert fees, but instead the authority of the trial court to impose fees. We, therefore, are without the court's findings of fact and its reasoning to address Appellant's claim of error and thus must remand this appeal to the trial court to prepare a 1925(a) Opinion that addresses the court's calculation of the amount of expert costs.[3]

Accordingly, we remand for the trial court to submit a supplemental Rule 1925(a) opinion within 45 days.

Case remanded; jurisdiction retained.

---

[2] Appellant also challenged the sufficiency of the evidence in his Rule 1925(b) statement but states in his brief that "further argument related to this question is intentionally omitted and/or waived." Appellant's Br. at 6.

[3] Appellant also asserts that Ms. Bierly was not qualified as an expert witness, which affects the compensation she could receive. Appellant's Br. at 18-21. This claim is arguably waived because, as noted above, Appellant stipulated during trial that she was "qualified." N.T. Trial at 27.